S. Amanda Marshall, Oregon State Bar No. 95347
United States Attorney
**TIM SIMMONS**, Oregon State Bar No. 92461
Assistant United States Attorney
United States Attorney's Office
District of Oregon
405 E. 8th Avenue, Suite 2400
Eugene, OR  97401
Telephone: (541) 465-6740
Facsimile:  (541) 465-6917
        Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **2ND AMENDMENT GUNS, LLC,** | **Case No. 1:13-cv-1947-CL** |
| **Plaintiff,** | |
| **v.** | **UNITED STATES OF AMERICA'S MOTION AND MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT** |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES** | |
| **Defendant.** | |

    The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Defendant"),

by and through the United States Attorney for the District of Oregon, hereby respectfully

moves under Federal Rules of Civil Procedure ("FRCP") 56 for summary judgment.

Pursuant to Local Rule ("LR") 7-1, the parties were unable to resolve the dispute

regarding Plaintiff 2nd Amendment Guns, LLC ("Plaintiff" or "2AG") claims against the

ATF.

## MOTION

The Defendant hereby respectfully moves the Court for Summary Judgment pursuant to FRCP 56.  Grounds for this motion are set forth in the below Memorandum of Law and the Certified Administrative Record ("AR"), filed February 6, 2014.  *See* Court Docket No. ("DKT") 11.

## I.  INTRODUCTION

Plaintiff claims that ATF improperly denied 2AG's application to renew its Federal firearms license.      As discussed below, the Plaintiff's claims fail and the ATF denial should be upheld.  The Administrative Record clearly establishes that Plaintiff's application to renew its federal arms license was appropriately denied based upon the Plaintiff's willful violations of applicable federal law and regulations.

## II. OVERVIEW OF FIREARM REGULATIONS AND LICENSING

### A.  <u>Federal Laws Applicable to Firearms</u>

The sale and possession of firearms is regulated by two major federal statutes: the National Firearms Act (26 U.S.C. §5801 et seq.) and the Gun Control Act ("GCA") (18 U.S.C. §921 et seq.).  Federal law requires all persons selling firearms as a business to be federally licensed; sets forth categories of persons to whom firearms or ammunition may not be sold ("prohibited persons")[1] ; and requires that licensed dealers maintain records of all commercial gun sales.  It is unlawful for any person to sell or otherwise dispose of a firearm or ammunition to any of the prohibited person, if the transferor (seller) has reasonable cause to believe that the transferee (buyer) is prohibited from receiving those items.  18 U.S.C. § 922(d).

---

[1]  It is unlawful to sell or otherwise dispose of any firearm or ammunition to nine classes of prohibited persons, including persons convicted of a felony. 18 U.S.C. § 922(d)(1).

**B.  Licensed Dealers and Firearms Transfers**

Persons who are federally licensed to manufacture, import, or sell firearms are known as "federal firearms licensees" (FFL).  18 U.S.C. § 923(a).  FFLs are required to maintain records on all acquisitions and dispositions of firearms. 18 U.S.C. § 923(1)(A).  Prior to selling a firearm, an FFL is required to verify through a background check that buyers are eligible to possess a firearm (18 U.S.C. § 922(t)), and must verify the identity of the buyer by inspecting a government-issued piece of identification (e.g., a driver's license)(18 U.S.C. § 922(s)).  In addition, a Firearms Transaction Record, ATF Form 4473, must be completed as part of any firearms transfer from an FFL to a private person.  Among other things, the purchaser attests on the ATF Form 4473 that he is not a prohibited person, and that he is the "actual transferee/buyer."  It is illegal for an individual to pose as the actual transferee but to acquire the firearm for another person ("straw purchase").  18 U.S.C. § 922(a)(6)

The ATF regulates gun sales by inspecting FFLs to monitor their compliance with applicable laws and regulations.  ATF is authorized to inspect or examine the inventory and records of an FFL in the course of a reasonable inquiry during the course of a criminal investigation, to ensure compliance with record keeping requirements, and when an inspection is needed to determine the disposition of one or more firearms in the course of a bona fide investigation. 18 U.S.C. § 923(g)(1)(B).

**C.  Firearms Licensing Applications**

Pursuant to 18 U.S.C. §§ 923(d) and 923(f) [2] ATF may, after notice and an opportunity for a hearing, deny a federal firearms license to an unqualified applicant. Whether an applicant is qualified to receive a license must be considered in accordance

---

[2]  The ATF applicable regulations are found at 27 C.F.R. §§ 478.71 and 478.72.

with 18 U.S.C. § 923(d)(1), which sets forth several criteria for determining an applicant's eligibility.  Included among those criteria is the condition that the applicant must not have committed a willful violation of the federal firearms laws or regulations.  18 U.S.C. § 923(d)(1)(C).

In the event that the ATF denies a license, the agency must provide written notice to the applicant stating the factual and legal grounds for denial.  18 U.S.C. § 923(f)(1). Upon timely request by the applicant, a hearing must be held to review the denial.  18 U.S.C. § 923(f)(2).  If, following a hearing the denial is affirmed, ATF must serve upon the applicant a final notice of denial, accompanied by findings and conclusions.  18 U.S.C. § 923(f)(3).  The applicant may, within sixty days of issuance of the final notice, file a petition in United States district court for de novo judicial review of the denial.  18 U.S.C. § 923(f)(3).

## III. FACTUAL AND PROCEDURAL BACKGROND

The Plaintiff is a limited liability company established in the State of Oregon in November of 2006.  AR 25-30.  On October 16, 2006, 2AG applied to the ATF for, and was subsequently issued, a Federal firearms license as a dealer in firearms.  AR 21-24. The application listed Lynne Anne Clow as "owner operator" and Wilson Clow, Jr. ("Wilson Clow") as "manager."  AR 22.  From its inception to October 2013, 2AG was comprised of two members, Lynne Clow and Wilson Clow.  AR  25-30; 123-126.

## A. Violations Established by ATF Qualification Inspections of 2AG

ATF conducted a qualification inspection of 2AG on November 22, 2006.  During this inspection, the relevant Federal firearms laws and regulations were reviewed with Lynne Clow and Wilson Clow, including the laws and regulations prohibiting the transfer

of firearms to convicted felons and regarding the falsification of required records.  AR 31-32 (Acknowledgment of Federal Firearms Regulations).  Both Lynne Clow and Wilson Clow signed an Acknowledgment of Federal Firearms Regulations and certified that:

> the investigator explained the above information to me on 11/22/06 and answered my questions regarding the information.  I have received a copy of this for my records as a reference.  I understand that this is only a general overview of the regulations and I will be responsible for familiarizing myself with the laws and regulations governing my licensed firearms business.

*Id.*

ATF subsequently inspected 2AG in 2008, 2009 and 2011.  In 2008 and 2009, 2AG was cited for violations of the GCA and its implementing regulations. The ATF's 2008 inspection revealed 32 instances in which 2AG violated the GCA and its implementing regulations by failing to properly execute Firearms Transaction Records (ATF Forms 4473) and failing to properly record the acquisition and/or disposition of firearms on 25 occasions.  AR 51-53 (Report of Violations dated May 23, 2008).  As a result of the 2008 inspection, ATF issued a warning letter to 2AG advising that "retention of your Federal firearms license is conditioned upon your compliance with Federal laws and regulations.  Any future violations, either repeat or otherwise, could be viewed as willful and result in the revocation of your license.  Please ensure that future compliance is achieved."  AR 56-57.

However, 2AG continued to rack up violations the following year.  The ATF's 2009 inspection revealed 144 instances in which 2AG violated the GCA's regulatory requirements, including one instance in which 2AG transferred a firearm to a person who was not the actual buyer of the firearms; one instance in which 2AG sold a firearm

to a "prohibited person"; and 135 instances in which acquisition and/or disposition entries were not properly completed.  AR 60-63 (Report of Violations dated September 24, 2009).

    As a result of the violations cited in the 2009 inspection, on behalf of 2AG, Wilson Clow attended an ATF Warning Conference on November 5, 2009, where notice was given that any future willful violations could be used as a basis to revoke 2AG's Federal firearms license.  AR 66-67 (Letter from ATF dated October 5, 2009).

    On November 13, 2009, ATF issued a follow-up letter to 2AG reviewing the topics discussed during the Warning Conference and advising "You are reminded that future violations, repeat or otherwise, could be viewed as willful and may result in the revocation of your license.  You may anticipate further inspections to ensure your compliance."  AR 68-70.

    Significantly, the relevant Federal firearms laws and regulations, including the prohibition on transferring a firearm to a "prohibited" person and the falsification of required records were again reviewed with 2AG representative Wilson Clow at the close of ATF's 2008, 2009 and 2011 inspections.  AR 54-55 (Acknowledgement of Federal Firearms Regulations dated March 27, 2008); 64-65 (Acknowledgement of Federal Firearms Regulations dated July 28, 2009); 71-72 (Acknowledgement of Federal Firearms Regulations dated January 19, 2011).

**B. 2012 Undercover Operation Establishes 2AG Transferring Firearms to Felons**

    In 2012, ATF commenced an investigation which ultimately revealed that 2AG sold a firearm on three separate occasions to a convicted felon and made a false

statement with respect to information required to be kept by an FFL on four occasions in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(3).

On April 5, 2012, an ATF Confidential Informant Felon ("CI-Felon") went to 2AG to discuss the possibility of purchasing a firearm. AR 90-93 (Report of Investigation, Investigation Number 787035-12-0073, Dated April 12, 2012). The CI-Felon came into contact with Lynne Clow; during the course of the conversation, Lynne Clow explained that Wilson Clow was not available but would be back shortly. Soon thereafter, Wilson Clow returned to 2AG and engaged CI-Felon in a conversation concerning the purchase of a Taurus, Model Rossi, .357 caliber lever action pistol (serial number K296188), which was displayed on the wall of the business. AR 91. During the course of the conversation, the CI-Felon told Wilson Clow that he (CI-Felon) was a convicted felon based upon a Federal conviction out of the State of California and that he (CI-Felon) had to be careful because the conviction was still on his record. *Id.* At approximately 5:00 p.m. on April 5, 2012, CI-Felon returned to the business location; was met by Wilson Clow; Wilson Clow handed CI-Felon a box containing the Taurus pistol; and CI-Felon paid the agreed upon price of $490. AR 92-93. At no time did CI-Felon fill out any paperwork for the purchase of the firearm.

On April 26, 2012, the CI-Felon again met with Wilson Clow at 2AG in order to discuss the possibility of purchasing a firearm. AR 100-106 (Report of Investigation, Investigation Number 787035-12-0073, Dated May 9, 2012). The CI-Felon entered 2AG, and engaged Wilson Clow in a conversation concerning the purchase of a Taurus, Model "The Judge", .410/.45 caliber revolver (serial number CX946428), that 2AG had available for sale. AR 101. During the course of the conversation with Wilson Clow, the

CI-Felon reaffirmed that he was a convicted felon and that a background check was not possible, which Clow acknowledged to be true. *Id.* The CI-Felon proceeded to ask Wilson Clow if he could bring his "nephew" (in actuality an ATF undercover Agent) to sign for the gun so CI-Felon could purchase it, to which Clow agreed. *Id.* Arrangements were made for CI-Felon and his "nephew" to return later in the day to consummate the purchase of the firearm. *Id.*

At approximately 5:00 p.m. on April 26, 2012, the CI-Felon and his "nephew" returned to 2AG and were met by Lynne Clow and Wilson Clow. The CI-Felon overheard Wilson Clow tell Lynne Clow that CI-Felon was interested in purchasing a "Judge." AR 104. Subsequent to this conversation, the CI-Felon handed Wilson Clow the $400 purchase price for the Taurus, Model "The Judge" revolver, and Wilson Clow handed CI-Felon the firearm. *Id.* At no time did the CI-Felon fill out any paperwork for the purchase of the firearm.

On August 2, 2012, ATF Special Agent Enk directed the CI-Felon to again meet with Wilson Clow at 2AG in order to discuss the possibility of purchasing a firearm. *See* AR 116-119 (Report of Investigation, Investigation Number 787035-12-0073, Dated August 14, 2012). The CI-Felon entered 2AG and engaged Wilson Clow in a conversation concerning the purchase of a firearm. AR 116-117. In this instance, the CI-Felon asked if it were possible to not do any paperwork as Wilson Clow was aware of the fact that CI-Felon was a convicted felon. *Id.* Wilson Clow agreed that it was possible and proceeded to show CI-Felon a number of firearms from his residence that were described as not being part of the business inventory. *Id.* The CI-Felon purchased a Sig Sauer, .40 caliber semi-automatic pistol (serial number 24B101785),

from the firearms retrieved from Clow's residence and proceeded to pay Wilson Clow $460.

## C.  Search Warrant Executed at 2AG

On August 22, 2012, ATF executed a Federal search warrant at the residence of Lynne Clow and Wilson Clow and business address of 2AG.  AR 2.  During the course of the search, evidence was seized documenting GCA violations of selling a firearm to a known felon on three occasions and making a false statement on four occasions with respect to information required to be kept under the GCA.

During the execution of the search warrant, an ATF Form 4473 was found that purported to document the transfer of a Taurus, Model Rossi, lever action pistol referenced during the April 5, 2012 transaction between Wilson Clow and CI-Felon to a third party.  AR 94-97 (ATF Form 4473, Firearms Transaction Record, Dated April 5, 2012).  In this case, Lynne Clow completed the Form 4473 representing herself as the actual purchaser of the firearm and as the representative of 2AG, with the title of "Manager".  *Id.*  In this case, Lynne Clow falsified the ATF Form 4473 in an attempt to cover up the illegal sale of the firearm to CI-Felon.  AR 3.

A second ATF Form 4473 was found during the execution of the search warrant that purported to document the transfer of a Taurus, Model "The Judge", pistol referenced during the April 26, 2012 transaction between Wilson Clow and CI-Felon to a third party[3]. AR 107-111 (ATF Form 4473, Firearms Transaction Record, Dated April 26, 2012).  In this transaction, the ATF Form 4473 was completed by "Craig Daniels" (an undercover alias used by an ATF Special Agent) and evidenced the sale of the Taurus, "the Judge"

---

[3]  In this case, a second firearm was purchased by Special Agent Enk acting in undercover capacity during the same transaction that included the Taurus, "the Judge" firearm; the second firearm, a FN pistol, model Five-Seven (serial number 386232593), wasn't cited for any violations of the GCA.

revolver, to Daniels when in fact the revolver was bought and paid for by CI-Felon.  AR 3.

Wilson Clow, acting in his capacity as Manager of 2AG, certified that the information in

the ATF Form 4473 was true and correct, as evidenced by his signature in section 34 of

the form.  *AR* 109.  Wilson Clow falsified the ATF Form 4473 in an attempt to cover up the

illegal sale of the firearm to CI-Felon.

2AG's acquisition and disposition records were also seized pursuant to the Federal

search warrant.  According to these records, a Taurus, Model Rossi, .357 caliber lever

action pistol (serial number K296188), was acquired by 2AG on December 23, 2011, and

subsequently sold to Lynne Clow on April 5, 2012.  AR 98-99.  The acquisition and

disposition records were falsified to cover up the sale of the firearm to CI-Felon by listing

Lynne Clow as the purchaser of the firearm when in fact the firearm was actually

transferred by Lynne Clow and Wilson Clow to CI-Felon on that date.  AR 92-93.

2AG's acquisition and disposition records also purported to document the transfer

of a Taurus, Model "The Judge", .410/.45 caliber revolver (serial number CX946428), to

"Craig Daniels" on April 26, 2012.  AR 112-113.  Similarly to the ATF Form 4473

completed by "Craig Daniels" and Wilson Clow, the acquisition and disposition records

were  falsified to cover up the sale of the firearm to CI-Felon by listing "Craig Daniels" as

the purchaser of the firearm when in fact the firearm was actually transferred to CI-Felon.

*Id.*

During the execution of the search warrant, Wilson Clow admitted to the illegal

firearms sales and to the false statements contained in 2AG's required records.  AR 120-

122 (Interview of Wilson Clow). [4]

---

[4] On December 12, 2012, a Federal grand jury returned a seven count indictment against Wilson Clow
charging him with three counts of selling a firearm to a prohibited person and four counts of making a

**D. 2012 Renewal Application Submitted by 2AG**

On December 10, 2012, 2AG filed an ATF Form 8, Federal Firearms License Renewal Application.  AR 79-81 (Federal Firearms Renewal Application).  The application was completed by Lynne Clow.  *Id.*  The renewal application listed 2nd Amendment Guns, LLC as the current FFL, the same FFL number as the original application submitted in 2006, and the same address.  *Id.*

On April 4, 2013, ATF Director of Industry Operations ("DIO"), Seattle Field Division, Janet Van Haelst, issued a Notice of Denial of Application for License to 2AG. AR 1-3.  The Notice alleged that 2AG, by and through its LLC members, Lynne Clow and Wilson L. Clow, transferred a firearm to a convicted felon on three occasions, and made a false statement on records required to be kept under the GCA on four occasions.  *Id.* Significantly, on one of the three occasions when a firearm was transferred to a convicted felon, Lynne Clow filled out an ATF Form 4473 purporting to be the actual purchaser of the firearm (a Rossi pistol), when in fact the firearm was sold to a convicted felon. AR 94-97.

On April 10, 2013, ATF received a letter from 2AG requesting a hearing on the denial.  AR 7.  On May 24, 2013, ATF sent 2AG a notice of hearing advising that a hearing in the matter would be held on July 10, 2013, at the James A. Redden U.S. Courthouse in Medford, Oregon. AR 9-11.  An administrative hearing to review the denial of application was held on July 10, 2013.  AR 293-294.  The hearing was conducted in accordance with 18 U.S.C. § 923(f)(2) and 27 C.F.R. § 478.72, and was presided over by a hearing officer.  *Id.*  The ATF was represented by John Tibbetts, Division Counsel ATF's

---

false statement with respect to information required to be kept by a Federal firearms licensee.  AR 82-85 (Indictment, United States v. Wilson Clow, Case No. 6:12-CR-00638-AA, (D. Or.2012)). That case is still pending.

Seattle Field Division; 2AG was represented by Lynne Clow. *Id.* The government offered the testimony of ATF Investigator Caleb Rushing. *Id.* The hearing officer made an audio recording of the hearing, which subsequently was transcribed for purposes of this litigation. AR 133-292.

Following the hearing, the hearing officer submitted a Report and Recommendation to DIO Van Haelst. AR 293-305. Citing the evidence presented at the hearing, the hearing officer concluded that 2AG, by and through the actions of Lynne Clow and Wilson Clow committed willful violations of the GCA and therefore did not qualify to hold a license under 18 U.S.C. § 923(d)(1)(C) and 27 C.F.R. § 478.47(b)(3). AR 304-305. The hearing officer based this determination upon findings that both Lynne Clow and Wilson Clow transferred a firearm on three occasions to a known convicted felon and made false statements on records required to be maintained under the GCA regarding the sale of a firearm. *Id.*

On September 10, 2013, DIO Van Haelst issued a Final Notice of Denial to 2AG. AR 306-311. The Final Notice included findings of fact and conclusions of law made by DIO Van Haelst based upon her review of the hearing officer's report, the exhibits, and the audio recording of the hearing. *Id.* 2AG then filed the instant petition for *de novo* judicial review.

## IV. SUMMARY JUDGMENT STANDARD OF REVIEW

This Court's review of ATF's decision to deny 2AG's license renewal application is *de novo.* 18 U.S.C. § 923(f)(3). Section 923 directs the court to determine whether ATF "was not authorized to deny the application." *Id.*; *Perri v. Dep't of the Treasury*, 637 F.2d 1332, 1335 (9th Cir. 1981); *Benjamin v. Bureau of Alcohol, Tobacco, Firearms*, 771

F.Supp 307, 309 (D.Or., 1991).  A court may, in its discretion, consider evidence outside the administrative record.  However, the court is not required to hold an evidentiary hearing unless "some good reason to do so either appears in the administrative record or is presented by the party petitioning for judicial review."  *Cucchiarra v. Sec'y of the Treasury*, 652 F.2d 28, 30, n.1 (9th Cir. 1981), citing *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 468, n. 7 (7th Cir. 1980).

Pursuant to FRCP 56(a), summary judgment should be granted if there is no genuine dispute as to a material fact, and the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to a material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenber v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987).  However, not all facts are material.  Whether a fact is material depends upon the substantive law underlying a particular claim, while "only disputes over facts that *might affect* the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  If there are no facts in dispute that would affect the outcome of the case, summary judgment is appropriate.

## V. ARGUMENT

Based on the record, ATF appropriately denied 2AG's application to renew its Federal firearms license.  As set forth in 18 U.S.C. § 923(d)(1)(C), ATF may deny a license to an applicant who previously committed willful violations of the GCA.  *See National Lending Group, LLC v. Holder*, No. 09-15166, 2010 WL 582661, at *1 (9th Cir. Feb. 19, 2010) (slip op.); *Cucchiara*, 652 F.2d at 29.  In this case, there is substantial and

compelling evidence to support ATF's determination that prior willful violations were committed by 2AG and Lynne Clow in her individual capacity and as a responsible person on the federal firearms license. The record also establishes that Lynne Clow was directly involved in at least one willful violation involving the transfer of a firearm to a convicted felon and subsequent falsification of records.

## A.  Plaintiff Willfully Violated the Gun Control Act

An application for a Federal firearms license may be denied if the applicant has willfully violated any of the provisions of the GCA.  18 U.S.C. § 923(d)(1)(C).  For purposes of the regulatory provisions of the GCA, a violation is considered willful if committed with deliberate disregard for, or plain indifference to, a known legal obligation. *The General Store, Inc. v. Van Loan*, 560 F.3d 920, 923 (9th Cir. 2009); *Cucchiara*, 652 F.2d at 30; *Perri*, 637 F.2d at 1336.  In other words, a violation of the GCA is regarded as willful "when a [firearms] dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them."  *The General* Store, 560 F.3d at 923 (citing *Perri*, 637 F.2d at 1336).  Evidence of a bad purpose on the part of the licensee is not required.  *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 497 (7th Cir. 2006); *Appalachian Res. Dev. Corp. v. McCabe*, 387 F.3d 461, 465 (6th Cir. 2004).

The record clearly establishes that 2AG was aware of its legal obligations and purposely violated the GCA multiple times.  During the time period relevant to this action, 2AG's sole members and responsible persons consisted of Lynne Clow and Wilson Clow. 2AG has held a Federal firearms license since 2006 and ATF reviewed the legal requirements for Federal firearms licensees during a 2006 qualification inspection and compliance inspections conducted in 2008, 2009 and 2011.  In all four instances, 2AG

representatives acknowledged each time that the company is subject to those requirements and responsible for following them.  AR 31-32; 54-55; 64-65; 71-72. Similarly, 2AG was reminded of these requirements in a warning letter sent by ATF following the 2008 inspection and during a warning conference held by ATF after the 2009 inspection.  Despite this knowledge, 2AG repeatedly violated the law, including three transfers of firearms to a convicted felon and four instances where required records were falsified in an attempt to conceal the nature of the underlying illegal transfers.

Significantly, 2AG does not dispute the evidence offered by ATF regarding Lynne Clow's position and role in the company, nor does it dispute that she facilitated one of the sales to the convicted felon by posing as a "straw purchaser."[5]  Rather, Plaintiff only raises generic allegations that ATF's evidence is insufficient to sustain the denial of the application to renew and does not allege with particularity any additional facts or evidence that cast substantial doubt on ATF's findings, as is required under a *de novo* review.  *See Stein's, Inc.*, 649 F.2d at 466, n.4.

Under section 923(d)(1)(C), ATF may deny a license to an applicant who previously committed willful violations of the GCA.  *See National Lending Group, LLC v. Holder*, No. 09-15166, 2010 WL 582661, at *1 (9th Cir. Feb. 19, 2010); *Cucchiara*, 652 F.2d at 29.  In this case, there is substantial and compelling evidence to support ATF's determination that prior willful violations were committed by 2AG and Lynne Clow in her individual capacity, as an LLC Member of 2AG, and a responsible person on the Federal firearms license.  The record also establishes that Lynne Clow was directly and

---

[5]  A straw purchase occurs when the actual buyer of a firearm is unable to pass the required federal background check, or does not want his or her full name associated with the purchase, and has someone else who can pass the required background check purchase the firearm for him or her.

personally involved in the willful transfer of a firearm to a convicted felon and subsequent falsification of records required to be kept under the GCA.

**B.  The Actions of "Responsible Persons" are Appropriately Attributed to 2AG**

At the time of the violations cited in the Notice of Denial, 2AG was comprised of two members, Lynne Clow and Wilson Clow.  AR 25-30.  The Federal Firearms License issued to 2AG listed Lynne Anne Clow as "owner operator" and Wilson Clow as "manager."  AR 22.  For the purposes of the GCA, the actions of both Lynn Clow and Wilson Clow are appropriately attributed to 2AG.  The Plaintiff's attempts to distance itself from the actions of Wilson Clow should be rejected.

Subsequent to the violations cited in the Notice of Denial, Lynne Clow reorganized 2AG by having Wilson Clow resign[6] from the company and subsequently submitted an application to renew the license without Wilson Clow being listed as a responsible person. AR 79-80. Lynne Clow now argues that it was unlawful for ATF to deny her application to renew based upon acts that she attributes exclusively to Wilson Clow.  AR 131, 144-45. Ms. Clow further argues that she, and 2AG, cannot be held accountable for violations that she did not personally commit, and is not responsible for the misconduct of Wilson Clow. *Id.*

Under traditional principles of vicarious liability, a corporate officer may be held liable for the fraud or other tortious wrongdoing of the corporation if the officer directed, or knowingly consented to the fraud or wrongdoing.  *See L.B. Indus., Inc. v. Smith*, 817 F.2d 69, 71 (9th Cir. 1987); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001,

---

[6] The resignation proffered by Wilson Clow leaves open his possible further involvement with 2AG.  Letter of Resignation, AR 123 ("I willingly remain to ease the transition . . . assist with customers . . . ship guns . . . until at such time they [2AG] no longer need my assistance.").  2AG's removal of Mr. Clow also allows his further involvement with 2AG.  AR 124 ("This does not allow you to not assist the corporation on a voluntary basis").

1021 (9th Cir. 1987).  Though purporting to act through a corporate entity, a corporate officer cannot "hide behind the corporation where he is an actual participant in the tort." *See Coastal Abstract Serv., Inc. v. First American Title Ins., Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (internal quotation omitted).

Under the regulatory controls set forth in the GCA, where the licensed firearms dealer is a corporation or other business entity, violations of the federal firearms laws and regulations may be attributed to officers, directors, or shareholders who participate directly in wrongful acts or omissions, as well as those who have control over the firearms business, and have assumed responsibility for ensuring compliance with the provisions of the GCA, but have authorized or acquiesced in specific violations.  *See Barany v. Van Haelst, 459 Fed.Appx. 587, 2011 WL 5056462 (9th Cir. 2011) (*affirming ATF's denial of a license on the government's motion for summary judgment based upon the willful violations of a predecessor or reorganized entity*); Augustson v. Holder,* 728 F.Supp.2d 1279, 1286 (D.N.M. 2010)(licensee accountable for the record-keeping errors committed by his employee wife under doctrine of respondeat superior); *Fin & Feather Sport Shop, Inc. v. United States Treasury Dep't, Internal Revenue Serv., Bureau of Alcohol, Tobacco and Firearms*, 481 F. Supp. 800, 805-06 (D. Neb. 1979) (licensee and its sole corporate officer were accountable for the record-keeping errors of a store manager because the licensee and corporate officer ultimately were responsible to make certain that proper records were maintained); *McLemore v. United States Treasury Dep't*, 317 F. Supp. 1077, 1079 (N.D. Fla. 1970) (company, and sole owner, were responsible for violations of the GCA committed by employees).

The GCA contemplates that individuals should not be permitted to hide behind the corporate shield and escape their obligations under the GCA simply by claiming that they are agents of the corporation and separate and distinct legal entities. Otherwise, when faced with allegations of regulatory infractions, corporate officers would only have to dissolve their existing business, set up a new business entity, and repeat their conduct. The GCA's licensing provisions would be rendered meaningless, and ATF would have no recourse against willful violators of the federal firearms laws and regulations.

In the present case, there is substantial evidence that at the time of the cited violations, Lynne Clow was involved in the day-to-day operations of 2AG, and shared control over business activities relating to firearms sales with her husband and sole LLC co-Member, Wilson Clow. Moreover, the record reflects that Lynne Clow fully participated in the April 5, 2012, transfer of a firearm to a known felon and subsequently falsified an ATF Form 4473 and made false entry into 2AG's acquisition and disposition record. [7]   AR 90-99.

Allowing Lynne Clow and 2AG to elude the consequences of their GCA violations by simply scrubbing Wilson Clow's name from the corporation and license would circumvent the intent of the GCA's regulatory scheme. 2AG committed willful violations of the GCA by and through the actions of Lynne and Wilson Clow. Removing Wilson Clow from the corporate documents and Federal firearms license doesn't change the fact that 2AG willfully violated the GCA by transferring firearms to a convicted felon and falsified

---

[7]   The ATF is authorized to revoke a firearms license on the basis of a single willful violation of the GCA. *General Store, Inc.*, 560 F.3d at 924 ("one willful violation would be sufficient, as a single willful violation is grounds for upholding the revocation."); *Augustson*, 728 F.Supp.2d at 1285 ("A single willful violation is sufficient to establish willfulness.")

records in an attempt to cover up the underlying transactions.  The ATF's determination to not renew 2AG's federal firearms license should be upheld.

## VI. CONCLUSION

As discussed above, the record demonstrates that willful violations were committed by 2AG by and through the actions of Lynne and Wilson Clow.  For the foregoing reasons, the United States respectfully requests that the Court grant Summary Judgment in favor of ATF.

DATED this 17th day of July, 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*/s/ Tim Simmons*
TIM SIMMONS
Attorney for the Defendant

Of Counsel:
John T. Tibbetts
Bureau of Alcohol, Tobacco, Firearms and Explosives

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney in Eugene, Oregon, and is of such age and discretion to be competent to serve papers.

That on the 17th day of July, 2014, she served a true and exact copy of  **UNITED STATES OF AMERICA'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT,** by mailing through the United States Postal Service to the person at the place and address shown below, which is the last known address:

**ADDRESSEES**

**LYNNE ANN CLOW**                    **Plaintiff**
**2701 COED PLACE**
**GRANTS PASS OR  97527**


                                        */s/   Trudylee A. Fleming*
                                        _____
                                        **TRUDYLEE A. FLEMING**
                                        Legal Assistant